

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| LILIT SAGATELYAN, | ) | No. 07-71043 |
| | ) | |
| Petitioner, | ) | Agency No. A096-390-076 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2012
Pasadena, California

Before:    FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK,[**]
District Judge.

Lilit Sagatelyan, a native and citizen of Armenia, petitions for review of the

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Board of Immigration Appeals' denial of her application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3] We grant the petition and remand.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However,

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that the BIA's credibility decision was not supported by substantial evidence.[4] While the birth certificate Sagatelyan submitted was, undeniably, an altered and false document, the BIA did not expressly determine that she knew of the falsity.[5] We recognize that she did not testify to explain her submission of that false document or to support a claim of lack of knowledge,[6] even though she had the opportunity to do so.[7] Nevertheless, she testified that another person obtained the document,[8] and the forgery was not entirely obvious.[9] The IJ also stated that Sagatelyan's failure to produce a witness

---

[4]Because the BIA cited Matter of Burbano, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and also gave its own specific reason that Sagatelyan was not credible, we review both the determinations of the BIA and those of the IJ. See Joseph v. Holder, 600 F.3d 1235, 1240 (9th Cir. 2010); cf. Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010).

[5]See Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 910–11 (9th Cir. 2004).

[6]See Khadka v. Holder, 618 F.3d 996, 1001 n.4 (9th Cir. 2010).

[7]See In re O-D-, 21 I. & N. Dec. 1079, 1082, 1082–84 (B.I.A. 1998).

[8]See Yeimane-Berhe, 393 F.3d at 912.

[9]See Khadka, 618 F.3d at 1000–01.

3

indicated a lack of credibility, but the IJ appears to have been confused about the nature of an affidavit,[10] and abused her discretion when she failed to grant a continuance so that Sagatelyan could bring the affiant to court.[11]  Other inconsistencies mentioned by the IJ do not appear to be stand alone bases to find Sagatelyan incredible, and for its part the BIA concentrated on the birth certificate issue.

Therefore, because the decision regarding the asylum, withholding of removal and CAT claims rested on the credibility determination, we must grant Sagatelyan's petition and remand to the BIA for further consideration of her applications for relief.  See INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002) (per curiam); Guo, 361 F.3d at 1203–04.

Petition GRANTED and REMANDED.

---

[10]See 28 U.S.C. § 1746 (when an affidavit is required, a declaration under penalty of perjury may be used).

[11]See Ahmed v. Holder, 569 F.3d 1009, 1012 (9th Cir. 2009).

4